**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| L.M.B.-G., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1400-CDL-ALS<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| Respondents[1]. | : | |

**ORDER**

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondent timely filed a return (ECF No. 6) in which they explain that: (1) Petitioner is detained under 8 U.S.C. § 1226(a); (2) he is thus entitled to request a bond hearing before an immigration judge; but (3) Petitioner has not requested a bond hearing. (ECF No. 6, 1-2). For the following reasons, the Court **ORDERS** Petitioner to seek a bond hearing before an immigration judge.

As Respondent concedes, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing before an immigration judge. (ECF No. 6, 1-2). However, an immigration judge does not automatically provide a non-citizen in removal proceedings with a bond hearing; instead, the non-citizen must request a bond hearing before an immigration judge either orally or in writing. 8 C.F.R. §§ 1003.19(d); 1236.1(d)(1). Respondent represents that Petitioner failed in his immigration proceedings to request a bond hearing—in other

[1] The default rule [for claims under 28 U.S.C. § 2241] is "that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Clerk's office is **DIRECTED** to change the docket to reflect the Warden of Stewart Detention Center as the sole appropriately named respondent in this action.

words, he failed to exhaust his available administrative remedies. Exhaustion in immigration habeas proceedings is not jurisdictional, but it is an affirmative defense. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015). For reasons of judicial economy, the Court provides Petitioner an opportunity to exhaust as explained below.

Petitioner is thus **ORDERED** to file a request for a bond hearing with an immigration judge under 8 U.S.C. § 1226(a) and the applicable regulations within thirty (30) days. The bond hearing following Petitioner's request need not <u>occur</u> within thirty (30) days of this Order. However, Petitioner must <u>file</u> his request for a bond hearing within thirty (30) days and must notify this Court. If Petitioner receives a bond hearing within this time, he may file a voluntary dismissal with the Court.

**SO ORDERED**, this 24th day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE